**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHRISTOPHER GERKEN, M12556, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY WILLS, | ) | Case No. 25-cv-998-DWD |
| JOHN DOE, | ) | |
| MARY WILSON, | ) | |
| CARRIE MORRIS, | ) | |
| ERIN NICHOLSON, | ) | |
| MR. BRAUNING, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Christopher Gerken, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pontiac Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 1). Specifically, Plaintiff alleges that he spent over 100 days in the restrictive housing segregation unit where he had zero access to recreation or mental health programming. The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. §

1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally

construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

On August 22, 2024, Plaintiff was placed in the restrictive housing unit of Menard's

North 2 cellhouse, where he resided until December 11, 2024, when he was transferred to

Pontiac.   During his 111 days in this housing unit, Plaintiff alleges that he was not

afforded any yard, recreation, or out-of-cell time for even a single hour of a single day.

He claims that this total isolation and confinement exacerbated an existing chronic back

injury and caused him to suffer pain on a daily basis.  He asked Defendants Wills and

John Doe about access to recreation or out-of-cell time on a regular basis when they made

tours of his gallery, but he got no response.  He alleges he also submitted a grievance in

November of 2024 about the issue, but his grievance was never processed.  Despite the

verbal complaints and grievances, he faults Wills and John Doe for never doing anything

to remediate the situation.  Plaintiff claims that Wills and John Doe's conduct violated his

Eighth Amendment rights, was discriminatory, and violated his right to Due Process.

Additionally, Plaintiff alleges that he notified mental health staff of the lack of

recreation and the lack of mental health sessions, which both negatively impacted his

mental health.  He explains that he has been on the mental health caseload for seven

years, receiving treatment for his depression, anxiety, and PTSD.  Defendants Nicholson

and Mr. Brauning made weekly rounds, at which time he raised his concerns.  They stated

they would escalate the concerns up the chain-of-command, but neither they nor

Defendants Carrie Morris or Mary Wilson ever did anything about the situation. Plaintiff expressed concern that his mental health was deteriorating, but nothing changed.

Based on the allegations in the Complaint, the Court designates the following counts:

> **Claim 1:**    **Eighth or Fourteenth Amendment claim against Defendants Wills and John Doe for failing to address Plaintiff's lack of recreation or out-of-cell time from August of 2024 thru December of 2024;**

> **Claim 2:**    **Eighth Amendment claim against Defendants Nicholson, Brauning, Morris, and Wilson for their roles in failing to address the extreme isolation or lack of mental health care from August to December of 2024.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

DISCUSSION

## Claim 1

Plaintiff faults Wills and John Doe for violating his Eighth Amendment rights via the conditions of confinement and the impact on his physical health. To establish a conditions of confinement claim, an inmate must establish (1) a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where prison officials are deliberately

indifferent to this state of affairs. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016), *citing Farmer v. Brennan*, 511 U.S. 825, 824 (1994). Conditions may be considered collectively when analyzing a conditions of confinement claim, and the duration of the allegedly harmful conditions is relevant to the existence of an Eighth Amendment violation. *Id.* Many conditions standing alone may not be sufficient to give rise to an Eighth Amendment conditions of confinement claim, but they must also be considered collectively. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). "Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996); *see also Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001) (holding that inmate denied meaningful chance to exercise for six months created viable Eighth Amendment claim).

Here, Plaintiff alleges that he was denied all forms of recreation or out-of-cell exercise for 111 days. He claims that during this time he physically deteriorated, particularly due to an existing chronic back injury. He reported his concerns about the lack of recreation both verbally and via a grievance, but Wills and John Doe offered no assistance. At this juncture, these allegations are sufficient to proceed on Claim 1 against Wills and John Doe under the Eighth Amendment.

Plaintiff also claims that Defendants Wills and John Doe violated his right to due process by denying yard or recreation time and discriminated against him by refusing recreation time because his cellhouse was the only one out of the entire prison that did not get any yard or recreation time. (Doc. 1 at 7). Plaintiff's complaint is insufficient as

to any due process claim because he does not provide any factual allegations about the events that led to his placement in restrictive housing. Without any background, the Court cannot assess the process he was afforded. As to his allegation of discrimination, he complains that restrictive housing inmates were not afforded recreation whereas all others, such as protective custody, population, and inmate workers, still got yard/recreation time.

To assert an equal protection claim, a plaintiff must allege that a state actor purposely discriminated against him on a prohibited basis, such as his race or sex. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Williams v. Dart*, 967 F.3d 625, 637 (7th Cir. 2020). If the disparate treatment is not based on a prohibited ground, it is allowed if it is rational. *Stevens v. Illinois Dept. of Transp.*, 210 F.3d 732, 737-738 (7th Cir. 2000). In the prison context, "prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016).

A plaintiff can also state a "class-of-one" equal protection claim by alleging that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Word v. City of Chicago*, 946 F.3d 391, 395–96 (7th Cir. 2020). However, "even at the pleading stage, a plaintiff must anticipate the burden of eliminating any reasonably conceivable state of facts that could provide a rational basis for the government's actions," and must "provide a sufficiently plausible basis to overcome the applicable presumption of rationality." *Walker v. Samuels*, 543 F. Appx. 610, 611 (7th Cir. 2013). Additionally, class-of-one claims cannot be used to

challenge discretionary decisions that are "based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 603 (2008). In the prison context, "choosing when and how to apply discipline are discretionary decisions falling under *Engquist*." *Atkinson v. Mackinnon*, No. 14-CV-736-BBC, 2015 WL 506193, 1 (W.D. Wis. Feb. 6, 2015).

Here, Plaintiff does not identify a suspect classification that was the basis of the alleged discrimination. He might be hinting at a class-of-one claim by alleging his unit was treated differently than others, but he was also in a discretionary placement of restrictive housing, whereas the others he described had less restrictive status. Discretionary decisions in the prison context are typically not subject to class-of-one challenges. *See e.g.*, *Gustafson v. Myers*, 2025 WL 1092369 at * 2 (N.D. Ind. Apr. 11, 2025) (finding that a decision to house a plaintiff in a particular background based on his own unique background and circumstances did not support a class-of-one claim because it was discretionary). Plaintiff's bare assertion of discrimination on the issue of recreation appears to be tied to a discretionary decision about who to send to yard/recreation, so it is not subject to a class-of-one challenge. Thus, Claim 1 may proceed under the Eighth Amendment against Wills and John Doe, but not under the Fourteenth Amendment.

## Claim 2

Plaintiff also faults the mental health providers for the isolation associated with no out-of-cell time, and for the lack of mental health services. He alleges his mental health deteriorated, and when he reported these issues during weekly rounds and asked for assistance he was told it would be escalated up the chain of command, but he never got

a response.  These allegations are potentially sufficient to proceed either under a theory of deliberate indifference to Plaintiff's mental health needs, or in a more generic sense as a conditions of confinement claim.  Plaintiff states he reported his concerns regularly to Defendants Brauning and Nicholson (both behavior health technicians), and he relied on them to relay the issue to Morris (a mental health caseworker) and Wilson (a mental health supervisor).  Ultimately, he will need to establish that Morris and Wilson had actual knowledge of his situation to hold them responsible, because he cannot proceed against them purely on the theory that they supervised Brauning and Nicholson.  The Court will accept that if Brauning and Nicholson promised to escalate the issue, this is sufficient at this early juncture to plausibly suggest Morris or Wilson knew about Plaintiff's situation and failed to act.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** survives initial review against Defendants Wills and John Doe under the Eighth Amendment, and **Claim 2** survives initial review against Defendants Mary Wilson, Carrie Morris, Erin Nicholson and Mr. Brauning under the Eighth Amendment.  Any additional claims are dismissed for failure to state a claim.

**<u>Plaintiff shall have 21 days, until August 14, 2025</u>**, to file a notice with any information he can provide about John Doe, such as a physical description, any nicknames, and shift assignment information.  The Court will then set next steps for Warden Wills to respond and for Plaintiff to move to substitute a named person for John Doe.  If Plaintiff fails to follow these steps, John Doe may be dismissed.

The Clerk of Court is **DIRECTED** to prepare for Defendants Anthony Wills, Mary Wilson, Carrie Morris, Erin Nicholson and Mr. Brauning: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and a copy of this Order. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,

regardless of whether his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  Fed. R. Civ. P. 41(b).

The Clerk of Court shall enter the standard HIPAA protective order.

**IT IS SO ORDERED.**

Dated: July 24, 2025

                                              *s/ David W. Dugan*
                                              DAVID W. DUGAN
                                              United States District Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until

counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.